AMY, J.,
dissents and assigns reasons.
liThe majority reverses the trial court’s award of joint custody and imposes sole custody in favor of Resa. I respectfully dissent as I find an affirmation is appropriate.
First, I think it is important to note that Bradley instituted this matter, seeking sole custody and, alternatively, joint custody. In her answer and reconventional demand, Resa sought only joint custody and child support. She did not amend the pleadings to request sole custody. In my opinion, this fact is significant in reviewing the trial court’s award of joint custody.
Further, I point out that it was not Bradley’s burden to demonstrate that joint custody was in the best interest of the child. Rather, the trial court was making an initial determination of child custody pursuant to La.Civ.Code art. 132, which provides:
If the parents agree who is to have custody, the court shall award custody in accordance with their agreement unless the best interest of the child requires a different award.
In the absence of agreement, or if the agreement is not in the best interest of the child; the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to the parent.
(Emphasis added.) Thus, Article 132 establishes a presumption for joint custody of the child. Even if Resa had amended her demand to seek sole custody, she would have been required to prove, by clear and convincing evidence, that sole custody in |2her favor was in the child’s best interest. On review, I find that the record supports the trial court’s award of joint custody.
In its reassessment of the custody determinations, the majority discusses unflattering evidence regarding the parties’ conduct, particularly that of Bradley. I certainly do not discount this behavior. Yet, the trial court was well aware of this behavior and devoted much of the sixteen pages of its reasons for ruling to related *401 discussion. I do not find any of these extensive factual determinations and credibility assessments by the trial court inconsistent with either the record or the law. Instead, the trial court demonstrated an awareness of the parties’ circumstances and tailored its decision accordingly. Concluding that these determinations were within the trial court’s province, I would not disturb them on review.
Nor would I disturb the trial court’s decision to not designate a domiciliary parent. While Resa complains of this determination, La.R.S. 9:335(B)(I) provides that “[i]n a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown.” (Emphasis added.) The trial court pointed out that both parents have deficiencies and that both have necessary improvements to make. Therefore, the designation of a domiciliary parent was declined. Again, I would not second-guess the trial court’s appreciation of the circumstances in this regard.
Finally, the majority further reverses the trial court’s determinations regarding continued counseling for the parties and a specific limitation on corporal punishment. Considering the circumstances of this case and the fact that these were fully considered issues at trial, I would not disturb the lower court’s judgment which was reached after a full trial on the merits.
For these reasons, I find that an affirmation in full is warranted.